IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01851-PAB

In re:
KEITH FOGEL,

     Debtor.

_____

## ORDER

_____

This is an appeal by debtor Keith Fogel from the April 1, 2014 order [Docket No. 6-1 at 92-94] of the United States Bankruptcy Court for the District of Colorado (the "bankruptcy court") dismissing this case sua sponte.  The Court's jurisdiction is based on 28 U.S.C. § 158(a).[1]

## I.  BACKGROUND[2]

Debtor filed for Chapter 13 bankruptcy on November 4, 2010.  Docket No. 6-1 at 6.  On January 25, 2011, the bankruptcy court signed two orders confirming debtor's amended plan, which called for debtor to make $100 monthly payments to the bankruptcy trustee for 36 months.  *Id.* at 70, 72.  According to debtor's personal representative, the debtor made the first three payments on the amended plan.  Docket No. 7 at 9.  Debtor died on February 24, 2011.  Docket No. 6-1 at 88.  After his death, debtor's wife, Joan Fogel, was appointed as the personal representative of debtor's estate.  Docket No. 7-1 at 5.  Debtor's personal representative subsequently completed

_____

[1] After reviewing the parties' submissions, the Court has determined that oral argument is not necessary to the resolution of this appeal.

[2]The following facts are not in dispute.

the remaining payments on the amended plan and informed the Chapter 13 Trustee that the debtor passed away.  Docket No. 7 at 9-10; *see also* Docket No. 7-1 at 3.

After completing the payments on the amended plan, debtor's personal representative received the certification form to obtain discharge, Local Bankruptcy Form 3015-1.11, but could not file the form since debtor had not completed the financial management course required by 11 U.S.C. § 1328(g).  Docket No. 7 at 10.

On January 27, 2014, debtor's personal representative moved the bankruptcy court pursuant to 11 U.S.C. § 1328 to waive the requirement that debtor complete the financial management course and the requirement that debtor file a certification pursuant to § 1328.  Docket No. 6-1 at 86-87.  Debtor's personal representative provided notice of the motion to all parties against whom debtor sought relief on January 27, 2014, which notice stated that any objections must be filed no later than February 13, 2014.  Bankruptcy Case No. 10-38010-TBM (Docket Nos. 55, 57).  The motion was not opposed, including objections, by any creditor.  *See* Docket No. 6-1 at 90.  On April 1, 2014, slightly more than two months after debtor's personal representative filed the motion, the bankruptcy court denied the motion and sua sponte dismissed the case.  *Id.* at 93.  The bankruptcy court held that, where a sole Chapter 13 debtor dies, the case must be dismissed.  *Id.*  Debtor's personal representative filed a motion for reconsideration on April 14, 2014, *id.* at 94, which the bankruptcy court denied on June 20, 2014.  *Id.* at 107.  Debtor's personal representative filed this appeal.

## II.  STANDARD OF REVIEW

A party may appeal the "final judgments, orders, and decrees" of a bankruptcy

court to either the district court or a bankruptcy appellate panel.  28 U.S.C. § 158(a), (c)(1).  A district court reviews the Bankruptcy Court's legal conclusions de novo, its factual findings for clear error, and its discretionary decisions for abuse of discretion.  *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010); *Busch v. Busch (In re Busch)*, 294 B.R. 137, 140 (B.A.P. 10th Cir. 2003) (lifting of automatic stay); *Brasher v. Turner (In re Turner)*, 266 B.R. 491, 494 (B.A.P. 10th Cir. 2001) (excluding an exhibit); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997) (entering default judgment).

## III.  ANALYSIS

### A.  Sua Sponte Dismissal

Section 1328 of Title 11 of the United States Code provides that, before a debtor can receive discharge of debts provided for by a repayment plan, the debtor must, as soon as practicable after completion of all payments, certify that all amounts owed have been paid.  11 U.S.C. § 1328(a).  One prerequisite to obtaining an order of discharge is that the debtor must, after filing a petition, complete an instructional course concerning personal financial management.  *Id.* § 1328(g)(1); *In re Bouton*, 2013 WL 5536212 at *2 (Bankr. S.D. Ga. Oct. 7, 2013); *In re Levy*, 2014 WL 1323165, at *1 (Bankr. N.D. Ohio Mar. 31, 2014).

The Bankruptcy Court's justification for dismissing this matter sua sponte was based on two premises: first, that dismissal is mandatory in the case of a sole Chapter 13 debtor who dies before receiving a discharge and, second, that a deceased debtor's spouse cannot act on the debtor's behalf even if she is appointed as the personal

representative of the debtor's estate. *See* Docket No. 6-1 at 93. Both of these

premises are legally incorrect.

Rule 1016 of the Federal Rules of Bankruptcy Procedure provides that:

> Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. . . . If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far as possible, as though the death or incompetency had not occurred.

While a Chapter 13 case "may be dismissed" upon the death of the debtor, the rule

requires that the bankruptcy court consider whether "further administration [of the plan]

is possible" and whether further administration of the plan is "in the best interest of the

parties." Fed. R. Bankr. P. 1016. If the bankruptcy court, in its discretion, determines

that these factors weigh in favor of continuing the plan, "the case may proceed and be

concluded in the same manner, so far as possible, as though the death . . . had not

occurred." *Id.* Thus, Rule 1016, which the bankruptcy court relied upon, does not

mandate dismissal upon the death of the debtor.[3]

In denying debtor's personal representative's motion to reconsider, the

bankruptcy court reasoned that "the continued existence of the debtor is crucial to the

---

[3]The bankruptcy court held that further administration would only be possible in a case involving multiple debtors where only one passed away. Docket No. 6-1 at 93, 109. The Court finds no support in the rule for the bankruptcy court's conclusion. *See, e.g.*, *In re Perkins*, 381 B.R. 530, 537 (Bankr. S.D. Ill. 2007) (holding that the probate estate may be substituted as a party for a deceased Chapter 13 debtor and that further administration was possible and in the best interest of the parties where the debtor's heirs proposed making the remaining payments on the plan); *see also In re Terry*, 2015 WL 1321486, at *4 (Bankr. E.D. Pa. Mar. 13, 2015) (holding that, pursuant to Fed. R. Bankr. P. 1016, a Chapter 13 debtor's case "may proceed as though the Debtor's death had not occurred").

continued administration of [the] case."  Docket No. 6-1 at 109.  The bankruptcy court did not, however, base its conclusion on the facts of this particular case, but rather on the general observation that, in a Chapter 13 case, the plan is typically funded by the debtor's future earnings.  *Id.*  While the debtor's continued existence may be crucial in cases where the debtor's income is necessary to make plan payments, there may be situations, as this case demonstrates, where a plan can be administered and payments made despite the death of the debtor.  *See In re Terry*, 2015 WL 1321486, at *4.

The bankruptcy court also held that a non-debtor spouse cannot represent a Chapter 13 debtor after his or her death.  Docket No. 6-1 at 93.  The bankruptcy court cited *In re Shepherd*, 490 B.R. 338, 342-43 (Bankr. N.D. Ind. 2013), for the proposition that a deceased debtor's spouse may not receive the benefit of a discharge in the deceased debtor's case.  *See* Docket No. 6-1 at 109.  In *Shepherd*, the court held that a personal representative of a debtor's estate cannot substitute for the deceased debtor.  The court reasoned that, under 11 U.S.C. § 109(a), only a "person" qualifies for bankruptcy protection and a probate estate is not a "person."  *In re Shepherd*, 490 B.R. at 342.  While *Shepherd* is correct that there is no formal mechanism for substituting a party for a deceased debtor, it does not follow that a case must necessarily terminate upon the debtor's death.  "If no party could ever act on behalf of a deceased debtor because there is no separate rule specifically providing for formal substitution, the provisions in Rule 1016 allowing a case to continue after the debtor's death would be meaningless."  *In re Kosinski*, 2015 WL 1177691, at *3 (Bankr. N.D. Ill. Mar. 5, 2015).  Based on this reasoning, the court in *Kosinski* concluded that "Rule 1016 permits a

case to continue despite the death of the debtor without the formal substitution of

another party for the debtor." *Id.; see also In re Inyard*, 532 B.R. 364, 368 (Bankr. D.

Kan. 2015) ("some party must act on the Debtor's behalf, if the case is to continue as

permitted by Rule 1016"); *In re Perkins*, 381 B.R. at 537.  The Court agrees with the

reasoning in *Kosinski* and finds that, pursuant to Federal Rule of Bankruptcy Procedure

1016, an appropriate person may represent a debtor after his or her death.[4]  The

bankruptcy court erred in presuming otherwise.

On the undisputed facts of this case, there is no reason to believe that the

---

[4]The bankruptcy court's citation to *In re Miller*, 526 B.R. 857 (D. Colo. 2014), does not alter the Court's analysis.  In *Miller*, the bankruptcy court determined that further administration of the bankruptcy plan was not feasible because the plan depended on the debtor's income.  *Id.* at 861.  The debtor's surviving spouse did not contest that finding on appeal and conceded that the only practical "further administration" of the case would be a hardship discharge.  *Id.*  The district court determined that the debtor, who has the burden of justifying a hardship discharge, *see In re Inyard*, 532 B.R. at 366, "made no showing that a hardship discharge would be in the best interest of the parties."  *In re Miller*, 526 B.R. at 861.  The district court therefore determined that the bankruptcy court's finding that further administration was not possible was "well within the discretion granted to the court under [Section] 1328(b)."  *Id.*  Here, the bankruptcy court did not make a determination that further administration of the plan was impossible or contrary to the best interests of the parties.  Thus, *Miller* is distinguishable from this case.  The bankruptcy court did, however, note that the failure of the debtor's personal representative to inform the court of the debtor's death in a timely manner deprived the court of a "meaningful" ability to make a determination.  Docket No. 6-1 at 110.  While delayed notice of the debtor's death may, in some circumstances, be an appropriate factor in denying waivers necessary for discharge, the Court finds that it does not prevent consideration of the debtor's request here.  The debtor's personal representative claims that the trustee was aware of the debtor's death, but continued to receive plan payments and filed no objection to her motion to waive the final discharge requirements.  *See* Docket No. 7 at 9-10.  Moreover, even if the debtor's personal representative had notified the bankruptcy court immediately of the debtor's death, her willingness to continue to make the payments under the approved plan would not have suggested that further administration of the plan was infeasible or not in the best interests of the parties.  While it was inappropriate not to notify the bankruptcy court promptly of the debtor's death, it is improbable that prompt notice would have materially altered the Rule 1016 analysis.

debtor's spouse, having been appointed as the personal representative of the debtor's estate, is not an appropriate representative of the debtor.  While it is true, as the bankruptcy court noted, that the debtor's spouse is self-interested given that she hopes to strip the second deed of trust on the debtor's residence, under the facts of this case such self-interest does not disqualify her from representing the debtor.  The spouse's interest in achieving the strip of the second mortgage from debtor's residence is what the debtor intended, *see* Docket No. 6-1 at 70, 72, and is therefore not inconsistent with the plan.  Moreover, debtor's spouse made the remaining plan payments and, despite notice to the creditors, including notice to the holder of the second deed of trust, *see* Bankruptcy Case No. 10-38010-TBM (Docket No. 57 at 1), no objections were made. While the bankruptcy court justifiably took the concerns of creditors into account when considering the motion for reconsideration, Docket No. 6-1 at 110, the policy goals of the bankruptcy code support recognizing the debtor's spouse in this case as an appropriate representative.  To hold otherwise "would discourage debtors from filing Chapter 13 proceedings because it would allow pre-petition creditors to seek additional recovery against [a debtor's] probate estate," an interpretation that "would defeat Congress's clear preference for debtors to attempt Chapter 13 plans."  *In re Inyard*, 532 B.R. at 372.

### B.  Waiver of Financial Management Course Requirement

Debtor argues that the Court erred in denying his motion to waive the requirement that he take a financial management course before obtaining a discharge. Docket No. 7 at 18.  The Court addresses this issue as it may be relevant on remand.

Case 1:14-cv-01851-PAB Document 10 Filed 08/26/15 USDC Colorado Page 8 of 9

Section 1328(g) of Title 11 of the United States Code prohibits a Chapter 13 debtor from being granted a discharge "unless after filing a petition the debtor has completed an instructional course concerning personal management described in section 111." 11 U.S.C. § 1328(g)(1). This requirement, however, does not apply to a debtor described in § 109(h)(4). 11 U.S.C. § 1328(g)(2). Section 109(h)(4) excludes a debtor "whom the court determines, after notice and hearing, is unable to complete [the personal financial management course] because of incapacity, disability, or active military duty in a military combat zone." 11 U.S.C. § 109(h)(4).

The Court finds that the death of a debtor constitutes "incapacity" for the purposes of Section 109(h)(4). *See In re Bouton*, 2013 WL 5536212, at *2 ("The death of a debtor constitutes a disability under § 109(h)(4)"); *In re Levy*, 2014 WL 1323165, at *3 (N.D. Ohio Mar. 31, 2014) (holding that the instructional course requirement "does not impede 'further administration' contemplated under Rule 1016"). Consequently, if the bankruptcy court concludes on remand that further administration of the case is possible and in the interests of the parties, waiver of the financial management course requirement would be appropriate.[5]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the April 1, 2014 Order Denying Motion to Waive Financial

---

[5]Debtor also argues (1) that the bankruptcy court erred in dismissing the case *sua sponte,* Docket No. 7 at 19-20, (2) that the court erred in not holding an evidentiary hearing before dismissing the case, *id.* at 20-21, and (3) that equitable concerns permit discharge in this circumstance. *Id.* at 22. Given its previous rulings, the Court need not reach these issues.

Management Course Requirement and Order Dismissing This Case [Docket No. 6-1 at 92-94] is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.

DATED August 25, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge